Dunaway v. State.

(Division A. June 9, 1930.)

[128 So. 770. No. 28610.]

C. Frederick Burnaman, of Brookhaven, for appellant.

Geo. T. Mitchell, Attorney-General and Forrest B. Jackson, Assistant Attorney-General, for the state.

Argued orally by **C. F. Burnaman**, for appellant, and by **Forrest B. Jackson**, Assistant Attorney-General, for the state.

**McGowen, J.**, delivered the opinion of the court.

The appellant, Noah Dunaway, was indicted, tried, and convicted on a charge of burglary and larceny, and sentenced to serve a term of seven years in the penitentiary, from which judgment this appeal was prosecuted.

We deem it unnecessary to state the facts of this case—the crime was proven. Soon after the discovery that the store had been burglarized, the appellant was traced, by means of his car tracks, from the store to the swamp of the river bottom, where he was found asleep in his car, with the goods which had recently been taken from the store.

There were two instructions for the state; counsel for appellant complains of the first of these instructions; but, if they are read together, they state the law of the case, and there was no error in the omission of the words, "I believe from the evidence," from the first, but which are contained in the second, instruction.

The court correctly refused instructions on the question of insanity, because no evidence was offered proving, or tending to prove, that issue. The defendant testified for himself; but the mere fact that he had received a wound on the head some years before in the Philippine Islands, as alleged in his testimony, is not sufficient to put the question to the jury. Counsel for appellant in the lower court presented a suggestion of insanity in due time and form, in which it was stated, "That the defendant in the case is incapable by reason of insanity of conducting a rational defense for the crime with which he

is charged, for the reason that he is now insane." This was sworn to by the attorney. On this suggestion is found the following order:

"This cause this day came on to be heard upon a suggestion of insanity by the defendant, Noah Dunaway, and the court having heard and duly considered the same—

"It is, ordered by the court that the said suggestion of insanity, be and the same is hereby overruled."

This action of the court is assigned as error, and it is said by counsel for appellant, in his brief, that the court heard no evidence.

We must presume that judgments of the trial courts are correct unless and until, in some way known to the law, their integrity is successfully impeached. In this case the judgment of the court recites that the motion was heard and duly considered; this, we take it, means that the court did those things which the law requires, and we must so presume. While this court has laid down no distinct method of procedure for a trial court when the question of insanity is raised by a suggestion, yet it is apparent that this court has held that a preliminary investigation is proper, and must be had, upon the suggestion of insanity being made known by a timely affidavit, as in this case.

We cannot assume that the trial court did not discharge its duty. We adhere to the rule announced in the case of Hawie v. State, 125 Miss. 589, 88 So. 167, the first syllabus of which is in these words:

"If, at the arraignment of a defendant charged with the commission of a crime, it is suggested or appears to the court that he may be insane, the question of his sanity vel non should be inquired into and determined, and, if he should be found to be then insane, his trial should not be proceeded with unless and until he recovers his sanity."

There is no reversible error in this record.

Affirmed.